## Long *v*. Volz.

### Opinion delivered March 28, 1927.

1. APPEAL AND ERROR—LIABILITY ON SUPERSEDEAS BOND.—Where a decree by its terms was *in rem*, it was error, in a subsequent action on a supersedeas bond given to stay execution on such decree, to find that the decree was *in personam*.

2. PLEADING—MOTION TO MAKE MORE SPECIFIC.—Denial of a motion to make a complaint more specific and to require plaintiff to state how and in what manner plaintiff had been damaged by defendants' failure to perfect an appeal in a case in which they had executed a supersedeas bond, *held* error.

3. APPEAL AND ERROR—LIABILITY ON SUPERSEDEAS BOND.—A supersedeas bond providing that, if the appeal should not be perfected, the sureties should pay the damages and "perform the judgment of the court appealed from," *held* to render the sureties liable only for damages growing out of failure to perform the judgment.

4. APPEAL AND ERROR—DAMAGES ON SUPERSEDEAS BOND—DUTY TO MINIMIZE.—Where the execution of a decree has been stayed by

filing a supersedeas bond, and the appeal is never perfected, the prevailing party should minimize his damages for which the sureties on the bond are liable by procuring a sale of the property on which a lien was declared by the decree.

Appeal from Union Circuit Court, Second Division; *W. A. Speer,* Judge; reversed.

*McNalley & Sellers,* for appellant.

*Coulter & Coulter,* for appellee.

WOOD, J. On July 8, 1924, a decree was rendered in the Union Chancery Court in favor of Fred Volz in the case therein pending of Fred Volz *v.* C. A. King and others. No personal decree was entered in the case, but a decree *in rem* was rendered which recites, in part, as follows:

"That plaintiff is entitled to a judgment *in rem* for the sum prayed for, less one-half of $30 for hauling on January 17, 1924; that this sum constitutes a lien on the leasehold estate covering the east half of the east half of the northwest quarter of section 28, township 16 south, range 14 west, in Union County, Arkansas, and that this lien should be foreclosed and said property be sold if said sum be not paid within fifteen days from this date. It is therefore by the court considered, ordered, adjudged and decreed that the plaintiff have judgment *in rem* in the sum of $642.50 with interest thereon from this date until paid at the rate of 6 per cent. per annum; that the same be and it is hereby declared to be a lien on the leasehold estate covering the west half of the east half of the northwest quarter of section 28, township 16 south, range 14 west, in Union County, Arkansas, together with all personal property located thereon and used in connection therewith; that said lien, together with all the equities and rights of every kind of J. P. Stone and the Stone Oil Company be foreclosed and said property be sold free from the equities of any of the defendants herein unless said sum be paid within fifteen days from this date; that H. G. Williams be, and he is hereby, appointed commissioner," etc.

J. P. Stone and the Stone Oil Company, who were made parties defendant in the action in chancery, prayed an appeal and were allowed to file a supersedeas bond, which bond recites as follows:

"Whereas, the appellant, J. P. Stone, trustee for the Stone Oil Company, has taken an appeal from the judgment of the Union Chancery Court rendered at its July term, 1924, on the 8th day of July, 1924, against the west half of the east half of the northwest quarter of section 28, township 16 south, range 14 west, in Union County, Arkansas, *in rem,* in favor of the appellee, Fred W. Volz, for the sum of $565, with costs, and said appellant desires to supersede said judgment.

"Now the said J. P. Stone, trustee for the Stone Oil Company, which owns the above described leasehold interest, and J. M. Long and A. J. Perdue, as sureties, hereby covenant with the said appellee that appellant will pay to appellee all damages, interest and cost that may be adjudged against appellant on such appeal, or in the event of appellant's failure to prosecute such appeal to final judgment in the Supreme Court, or if said appeal should be for any cause dismissed, that said sureties shall pay to appellee all damages, interest and cost and shall perform the judgment of the court appealed from; also that said appeal shall be prosecuted without delay," etc.

The bond was signed by J. P. Stone, trustee for the Stone Oil Company, principal, and by J. M. Long and A. J. Perdue, as sureties. The appeal from the decree in the chancery court was not perfected.

In May, 1925, this action was instituted in the Union Circuit Court against J. M. Long and A. J. Perdue on the above bond. The defendants answered and alleged that the bond on which the action was founded ceased to be effective on January 8, 1925, the date when the time for the taking of the appeal in the chancery cause expired. They alleged that it was the duty of the plaintiff in that cause to have minimized his damages by procuring a sale under said lien declared in said judgment and decree,

and to have had execution issued against the defendants in that action personally, all of which he had neglected and refused to do, and that, not having done so, he is entitled to only nominal damages against the defendants, for which they offer to confess. They prayed that plaintiff recover of them nominal damages only, together with his costs.

The plaintiff, Volz, demurred to the answer. The court sustained the demurrer. Thereupon the defendants stood upon their answer and refused to plead further. The cause was thereupon submitted upon the complaint, the bond sued on, and the record of the decree of the chancery court. The court found that the plaintiff had obtained judgment in the Union Chancery Court against J. P. Stone and J. P. Stone, trustee for the Stone Oil Company, in the sum of $642.50, together with the costs in the cause; that an appeal was prayed and granted and the supersedeas bond sued on was executed; that the appeal was not perfected within the time allowed by law, and that the plaintiff Volz was entitled to judgment in the sum of $689.61, together with the costs in the chancery cause, and entered judgment for that sum, from which is this appeal.

The court erred in finding that the chancery court rendered a decree in favor of the appellee against J. P. Stone, trustee for the Stone Oil Company, in the sum of $642.50. The decree in the chancery court set out above controverts this finding of the court. The decree itself proves conclusively that only a decree *in rem* was rendered in the chancery cause in the sum of $642.50, and the same was declared a lien on a certain leasehold estate, describing it, and directing that same be sold to satisfy the decree. No personal judgment was rendered against J. P. Stone and J. P. Stone, trustee for the Stone Oil Company. Now, the applicable provisions of the bond on which this action is founded are as follows: "In the event of appellant's failure to prosecute such appeal to final judgment in the Supreme Court, or if said appeal should be for any cause dismissed, that said sureties

shall pay to appellee all damages, interests and costs and shall perform the judgment of the court appealed from.'' The judgment appealed from was a judgment *in rem* in the sum of $642.50 against a certain leasehold estate, declaring the same a lien on that leasehold estate and directing that the same be sold to satisfy the decree.

In the court below the appellants, before filing their answer, moved the court to require the appellee to make his complaint more specific, and that he be required to state how and in what manner he had been damaged by the giving of the bond and the failure to perfect the appeal. The court should have granted this motion, because it is manifest from the recitals of the decree and the language of the bond that the appellants are only liable on the bond because of the failure of J. P. Stone and the Stone Oil Company to prosecute the appeal from the decree of the chancery court, and, under the express language of the bond, the appellants herein, as sureties for J. P. Stone, trustee for the Stone Oil Company, are only liable on the bond for the damages, interest and costs growing out of the failure to perform the judgment of the court appealed from. The judgment of the court appealed from required that the leasehold estate therein described be sold to satisfy a judgment in the sum of $642.50, together with the interest and costs in the chancery cause, which sum was declared a lien against such leasehold estate. The filing of the supersedeas bond by the appellants in the chancery cause had the effect of staying the proceedings in that cause until the time for the appeal had expired, and, if such stay of the proceedings in the chancery cause resulted in damage to the plaintiff in that cause, the appellee here is entitled to recover the amount of such damage against the appellants in the present action on the bond.

This is an issue which the appellants sought to have presented to the trial court by their motion to have the appellee make his complaint in the chancery court more specific, and by their answer setting up that it was the duty of plaintiff to minimize his damages by procuring

a sale of the property on which a lien was declared by decree of the court. The court erred in overruling appellants' motion to require appellee to make his complaint more specific as set forth in the first paragraph of such motion, and also erred in sustaining the appellee's demurrer to appellants' answer. The court erred in not having the issues joined and tried as indicated.

For such errors the judgment is reversed, and the cause remanded for a new trial.

Justices SMITH and McHANEY dissenting.